IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**CAESAR WHITE, JR.,**

    Plaintiff,

vs.                                                        Case No. 4:06cv136-RH/WCS

**STATE OF FLORIDA
DEPARTMENT OF TRANSPORTATION,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

    In response to the *pro se* Plaintiff's employment discrimination complaint, doc. 1, Defendant filed a motion to dismiss. Doc. 10. Plaintiff was directed to file a response, doc. 11, and in doing so, he has filed a motion to deny the motion to dismiss, doc. 13, and a motion to amend his complaint, doc. 12. The motion to deny the motion to dismiss is construed solely as a response to the motion to dismiss.

    Plaintiff's complaint, doc. 1, alleges a claim for discrimination based on his race under Title VII and a claim for age discrimination under the Age Discrimination Employment Act (hereinafter, the "ADEA"). The alleged racial and age discrimination

occurred when Defendant failed to hire Plaintiff and gave him "unequal treatment." Doc. 1, p. 3.

Defendant's motion to dismiss, doc. 10, contends that the complaint fails to state a cause of action and that Plaintiff's claims of "unequal treatment" are too "vague and convoluted" such that Defendant cannot properly frame a response. Defendant argues that because Plaintiff did not plead facts showing how he was treated differently or "unequal" to others, the complaint fails to state a claim. *Id.* Additionally, Defendant argues that the Eleventh Amendment bars the ADEA claim because Defendant is a state agency.

In response, Plaintiff contends that the ADEA overrides the states' Eleventh Amendment immunity because the ADEA defines an "employer" to include a state or political subdivision of a state. Doc. 13, p. 2. Plaintiff claims the ADEA clearly evinces Congressional intent to abrogate this immunity and is a valid exercise of power under the Commerce Clause. *Id.*, at 2-3; 5. He further contends that he "met all elements" in present a *prima facie* case" under the ADEA and Title VII. *Id.*, at 1-2.

## ANALYSIS

Considering the Title VII claim for unequal treatment first, Defendant is correct that Plaintiff failed to present any factual statements in the complaint in support of that claim. What Plaintiff presented was simply a conclusory allegation of unequal treatment. Doc. 1. That is insufficient, however, because it fails to alert Defendant to the basis of that assertion. Such a statement fails to identify in what way Plaintiff was treated differently, how other persons were treated differently from Plaintiff, who those other persons were, or even when this occurred. Indeed, the complaint simply states

that after faxing a DD-214 on two separate occasions to two different individuals, Plaintiff did not hear anything for months. Doc. 1. Plaintiff filed a charged of discrimination, apparently having received no word at all about whether he would be offered employment, which apparently prompted the Defendant Department of Transportation to send Plaintiff a letter. *Id.* That letter stated that Plaintiff's notice of disqualification had been misplaced, but would be sent to him, and he was advised that he had failed the polygraph test. *Id.* Plaintiff then states that the Florida Commission on Human Relations determined that the Department did not discriminate against him. *Id.* Those allegations contain no factual statements showing Plaintiff was treated differently than any other class of persons. Thus, Defendant is correct that the complaint fails to state a claim under Title VII for unequal treatment. It does state a claim under Title VII for failure to hire due to race, however, and Defendant has not moved to dismiss that claim.

Plaintiff has filed a motion to amend, doc. 12, indicating that he seeks to amend the requested relief sought in this action. It is recognized that while Plaintiff states that he only seeks to amend the relief section of the complaint, Plaintiff is proceeding *pro se* in this case. While the motion seeks to amend on a limited basis, it may be granted more broadly pursuant to FED. R. CIV. P. 15. Rule 15 provides that leave to amend the party's pleading should "be freely given when justice so requires." In this case, it is recommended that Plaintiff's Title VII claim for unequal treatment not be dismissed, but rather Plaintiff's motion to amend be granted and he should be permitted to amend his complaint to provide more detailed factual allegations which would alert Defendant to the basis for an "unequal treatment" claim. Plaintiff should be given twenty days from

the date this report and recommendation is adopted to file an amended complaint presenting his Title VII claim for "unequal treatment."  Plaintiff is cautioned that the amended complaint must contain all claims, including the failure to hire claim.

As for Plaintiff's ADEA claim, there are also no factual allegations showing a basis for discrimination based on age.  Nevertheless, even if Plaintiff did have sufficient allegations showing he was discriminated against because of his age, this claim would have to be dismissed.  On January 11, 2000, the United States Supreme Court issued a decision in Kimel v. Florida Bd. of Regents, 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), a case brought by three sets of plaintiffs, all of whom alleged discrimination on the basis of age pursuant to the ADEA, against their state employers.  The Supreme Court held that while the ADEA does contain a clear statement of congressional intent to abrogate the States' Eleventh Amendment immunity, that abrogation "exceeded Congress' authority under § 5 of the Fourteenth Amendment."  120 S.Ct. at 637.  Rather than enacting a reasonable prophylactic remedy to a significant pattern of unconstitutional discriminatory conduct, the Court determined Congress' actions to be "an unwarranted response to a perhaps inconsequential problem."  Id., at 648-650.[1]  Because Plaintiff may not maintain a claim under the ADEA against a state agency, Defendant's motion to dismiss this claim should be granted.

**CONCLUSION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, doc. 10, be **GRANTED in part**, and that Plaintiff's ADEA claim be

---

[1] Further, under the holding of Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), Congress lacks power under Article I's Commerce Clause to abrogate a State's sovereign immunity.

dismissed as the Defendant is protected by Eleventh Amendment immunity, but that the motion to dismiss, doc. 10, be otherwise **DENIED**, and that Plaintiff's motion to amend his complaint, doc. 12, be **GRANTED** and Plaintiff be permitted to present an amended complaint as to the Title VII claims within twenty days, and this case be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 16, 2006.

 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**