IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CAESAR WHITE, JR.,

    Plaintiff,

v.	CASE NO. 4:06cv136-RH/WCS

STATE OF FLORIDA
DEPARTMENT OF TRANSPORTATION,

    Defendant.

_____/

**ORDER DISMISSING AGE CLAIMS**

    This matter is before the court on the magistrate judge's report and recommendation (document 14) and the objections thereto (document 16). I have reviewed *de novo* the issues raised by the objections. The report and recommendation concludes defendant's motion to dismiss should be granted in part and that plaintiff should be granted leave to file an amended complaint, as he has requested. I accept the report and recommendation in substance, though I read the complaint somewhat differently.

    This district requires a pro se plaintiff who asserts a claim of employment discrimination to use a standard form for his or her complaint. This greatly

facilitates the processing of such complaints.  On his standard form complaint, plaintiff alleged discrimination based on both race and age.  Plaintiff checked boxes identifying the discrimination as both failure to hire and "unequal treatment."

The report and recommendation correctly notes that plaintiff cannot pursue a claim against a state agency under the Age Discrimination in Employment Act.  The recommendation for dismissal of plaintiff's age claim will be accepted.

The report and recommendation concludes that plaintiff's claim that defendant failed to hire him because of his race adequately states a claim on which relief may be granted, thus requiring denial of defendant's motion to dismiss this claim.  This part of the recommendation also will be accepted.

Finally, the report and recommendation concludes that plaintiff has not adequately alleged factual support for his claim of "unequal treatment," and the report and recommendation thus concludes this claim should be dismissed, with leave to include more specific allegations in the amended complaint that plaintiff seeks to file anyway.  As I read the complaint, the "unequal treatment" is part and parcel of the failure to hire.  I thus will deny the motion to dismiss this portion of the complaint.  The difference between this handling of the motion, as compared to the approach taken in the report and recommendation, may be entirely semantic; if plaintiff intended to assert a claim for "unequal treatment" separate and apart from

the defendant's failure to hire him, plaintiff may include the claim—including a short and plain statement of the claim's factual basis—in the amended complaint plaintiff intends to file anyway.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is ACCEPTED to the extent set forth in this order and adopted as the further opinion of the court.

2. Defendant's motion to dismiss (document 10) is GRANTED IN PART.

3. Plaintiff's claims under the Age Discrimination in Employment Act are dismissed with prejudice.  I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

4. The motion to dismiss plaintiff's claim of racially discriminatory failure to hire, and related "unequal treatment," is denied.

5. This matter is remanded to the magistrate judge for further proceedings.

SO ORDERED this 13th day of November, 2006.

                                                s/Robert L. Hinkle
                                              Chief United States District Judge